Pleading and practice; pretrial procedures; complia/nce and noncom/pliance; accounting; books and records. — On December 14, 1973 and March 1, 1974 the court issued the following orders:
Before Kashiwa, Judge, Presiding, Kunzig and Bennett, Judges.
December 14,1973
This case comes before the court on defendant’s request of November 23,1973, for review, pursuant to Eule 53 (b) (3), of the November 14, 1973 order of the trial judge denying defendant’s motion of October 29, 1973, for an enlargement of time to respond to the standard pretrial order on accounting issued by the trial judge. In consideration of the request for review, the court must also consider the effect of the November 14, 1973 order upon defendant’s motion of October 17,1973, to require compliance by plaintiff with the pretrial order, which was also denied by the trial judge on December 5, 1973, as being implicit in his order of November 14.
Upon consideration of all of the papers in the case, the court concludes that the trial judge was in error in denying the defendant’s motion for an enlargement of time and defendant’s motion for compliance by plaintiff. It is further concluded that these errors substantially prejudice the defendant and that the orders of November 14, 1973, and December 5,1973, were improvidently issued, and are, accordingly, REVERSED.
To the extent that plaintiff will rely for proof of damages upon books of account or other records covering the period involved in its claim, strict and full compliance with the terms of the pretrial order on accounting is mandated. Plaintiff’s failure to so comply is delaying the disposition of the claim in an orderly manner.
it is therefore ordered that plaintiff is given thirty (30) days from the issuance of this order within which to submit a supplemental statement in schedule form, as required by *728 the pretrial order, making full compliance, subject to the sanctions of Eule 114 (b).
it is eurther ordered that defendant’s time for response, pursuant to the terms of the pretrial order, is extended for sixty (60) days, running from the date upon which plaintiff files an accounting submission which complies with the pretrial order on accounting.
March 1,1974
This case is again before the court, presently on plaintiff’s motion for rehearing, reconsideration and clarification of the court’s order of December 14,1973, reversing the trial judge and requiring compliance with his pretrial order on accounting, issued May 30,1973. Defendant has objected to the court’s consideration of the present motion upon the grounds that it is untimely and not included within the concepts of Eules 151 and 152. As a part of the present motion, plaintiff has asked for an order enlarging the time to file. The requested enlargement is GEANTED because while not without doubt as to the applicability of the aforesaid rules to the present matter, the court deems it appropriate, and within its authority, to respond to plaintiff’s request for reconsideration and clarification.
The court has considered all of the papers offered by plaintiff supporting plaintiff’s present motion and declines to amend its order of December 14, 1973. At the same time the court wishes to make it clear that it does not undertake to dictate to plaintiff the theory of law upon which it shall proceed in this case but at the present is concerned only with plaintiff’s compliance with the pretrial order on accounting and states that it believes plaintiff’s response to that order to be insufficient to comply therewith and that the trial judge was in error in his ruling which waived compliance. The standard pretrial order on accounting, approved by the court, and issued by the trial judge, requires plaintiff to furnish defendant’s counsel and the court with “a statement in schedule form showing all the items and figures which the plaintiff intends to prove from books of account or other records.” The statement is required to be prepared in accordance with requirements set out in the pretrial order.
*729 In. the instant case, plaintiff has complied with the order only in part but has offered to furnish someone to answer such questions as defendant’s auditors may propose relating to its expenses. The order requires this in any event. The court believes that the audit should be conducted in accordance with the order and with the benefit of plaintiff’s own computation of its claim and citations to the record to support that claim, all as provided in the order. The claim is for delay damages, including, principally, central office overhead applicable to the contract for specific periods of time. Plaintiff has furnished a daily rate for some but not all of those periods. This is noncompliance “for the period involved,” as required by the plain language of para. 1(d) of the order which requires a schedule itemizing the expenses claimed with reference to the supporting books of account as well as the “accounting method or principle upon which the allocations were made.” If plaintiff does not have such records, it should say so. If plaintiff has such records and fails or refuses to comply with the order it is subject to sanctions. Defendant is under no obligation to construct plaintiff’s claim or to rummage through its records looking for figures which should be supplied pursuant to the pretrial order. Plaintiff apparently seeks to avoid the production of figurés for the full claimed period by projecting a daily rate based upon figures for lesser than the full period and is within its right to rely upon such a theory of proof of damages and to ask for what may amount to a “jury verdict.” However, it cannot at the same time avoid producing available records which show actual costs “for the period involved,” for defendant’s audit and verification, and for defendant’s response, pursuant to the order, challenging plaintiff’s submission and theory. Where such figures are furnished and defendant chooses to ignore them and not audit them, it does so at its own peril.
Plaintiff seeks specific clarification of what it must furnish pursuant to the pretrial order on accounting. We believe the order to be clear on this to the extent that it can be and the court can only supplement it generally since plaintiff is the only one now privy to the accounting information. It is the court’s view that if an appropriate schedule is pre *730 pared covering all the periods involved, even if plaintiff seeks to rely only on a part of that period for proof, the audit can go ahead expeditiously and plaintiff’s representative will not have to be constantly on call because the plaintiff’s schedule will explain most pertinent figures, allocations and computations. Without in any way suggesting that the following should be the limit of plaintiff’s submission for the total period involved, it is suggested that plaintiff should show in its schedule, pursuant to the pretrial order on accounting—
(1) the central office overhead for all pertinent periods, not just for the fiscal years 1963 and 1964.
(a) Records, if any, pertaining to actual job assignment may be furnished at the time of defendant’s audit, particularly for categories of Engineering, Project Management, and Field Supervision.
(b) The volume of sales and contract sales should be furnished now, but the mathematical computation of a daily rate is unnecessary as defendant may have another theory of damages.
(2) Steamfitter labor was submitted by plaintiff in the total amount of $252,557.88 keyed to payroll. Plow was this figure derived so that defendant’s auditor can arrive at the same amount to verify it, or correct it if found in error? Was the steamfitter payroll kept separately for this job, or were steamfitters included in a total payroll and segregated by someone? Was it possible some steamfitters worked various jobs during pertinent periods or split days between various jobs? What periods are included in this total? Generally, how was this figure computed and what records are necessary to verify this?
The 30-percent efficiency loss requires explanation. If based upon plaintiff’s own experience it obviously should be supportable by books or records used in determining this efficiency loss.
(3) The pretrial order is clear that all ledgers, journals, payrolls, invoices, vouchers, checks or other necessary records for the period involved must be made available for defendant’s audit. If the pretrial order of May 30,. 1973, is *731 deemed ambiguous or is deemed to require only a schedule showing items and figures plaintiff intends to prove from records limited to a period which is less than the total period covered by the claim, because plaintiff has a theory of law which would eliminate reliance on actual cost and other records for the rest of the claimed period, then the pretrial order is deemed amended to require plaintiff to submit a schedule covering the entire period of the claim as an alternate to its stated theory of proof of damages.
it is therefore ordered that upon close attention to all papers submitted in this matter plaintiff’s motion for reconsideration be and it is hereby granted, and upon reconsideration the court reaffirms its order of December 14, 1973. The time for plaintiff’s compliance is extended 30 days from the date hereof. Defendant’s time remains as fixed in the prior order.